# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**JOHNATHAN WALKER**                                                                 **PLAINTIFF**

**V.**                                                                             **NO. 1:14CV201-DMB-JMV**

**CHRISTOPHER EPPS, ET AL.**                                        **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the Court on the *pro se* prisoner complaint of Johnathan Walker, who challenges the conditions of his confinement under 42 U.S.C. § 1983. The Court notes that, for purposes of the Prison Litigation Reform Act, Plaintiff was incarcerated when he filed this suit. Walker alleges that he is currently being incarcerated for an offense for which he has already completed his sentence. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted, and the court will open a *habeas corpus* case based upon the allegations in the instant complaint. In the *Heck v. Humphrey* case, the Supreme Court clarified the interrelationship between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Court emphasized that *habeas corpus* remedies need not be exhausted before proceeding with a claim under § 1983. 114 S. Ct. at 2369. Rather, a § 1983 damages claim that calls into question the lawfulness of conviction, confinement, or otherwise demonstrates a conviction or confinement's invalidity is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to:

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that Plaintiff's successful § 1983 suit "[would] not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the present case, Plaintiff's success on his claim for damages would necessarily draw into question the validity of his conviction or sentence. Therefore, Plaintiff must "demonstrate that the conviction or sentence has already been invalidated." *Heck*, 114 S. Ct. at 2372. Walker has made no such showing; therefore, the instant case is based upon a meritless legal theory and will be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(d). *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

Walker's allegations do, however, state a claim for *habeas corpus* relief under 28 U.S.C. § 2254. As such, the Clerk of the Court will open a *habeas corpus* case using the complaint from this case—with a filing date as of the date the instant complaint was filed. Additionally, the Clerk of the Court will provide Plaintiff with the necessary forms to file a *habeas corpus* action under 28 U.S.C. § 2254. Plaintiff must complete and return these forms within 45 days of the date of this order. Failure to do so will lead to the dismissal of this case, without prejudice, for failure to comply with an order of the court.

SO ORDERED, this 9th day of February, 2015.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**